UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR JOHNSON, 1541-2,<br>    Petitioner,<br>    v.<br>AUDREY KING, Executive Director,<br>    Respondent. | Case No. 16-cv-01373-SK (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his commitment to Coalinga State Hospital. The petition is properly before the undersigned for initial review because petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

After a jury in San Mateo County Superior Court found petitioner to be a sexually violent predator, he was involuntarily committed to the California Department of State Hospitals for an indefinite term pursuant to California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 et seq. (SVPA). Petitioner unsuccessfully appealed and sought state habeas relief from the California Court of Appeal and the Supreme Court of California, which on July 8, 2015 denied review. The instant petition for federal habeas relief under § 2254 followed.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Claims

Petitioner seeks federal habeas corpus relief on the grounds that the imposed indefinite term of involuntary commitment violates various provisions of the federal constitution, including the right to due process because insufficient evidence supports the jury's determination and the jury was improperly instructed on the burden of proof. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve a copy of this order, the petition and all attachments thereto, and a magistrate judge jurisdiction consent or declination to consent form, on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2.  Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant

1   to a determination of the issues presented by the petition.

2       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
3   the court and serving it on respondent within 30 days of his receipt of the answer.

4       3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
5   answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
6   Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an
7   opposition or statement of non-opposition not more than 28 days after the motion is served
8   and filed, and respondent must serve and file a reply to an opposition not more than 14
9   days after the opposition is served and filed.

10       4.    Petitioner is reminded that all communications with the court must be
11   served on respondent by mailing a true copy of the document to respondent's counsel.
12   Petitioner must also keep the court and all parties informed of any change of address.

13   **IT IS SO ORDERED**.

14   Dated: April 11, 2016



15   _____
16   SALLIE KIM
     United States Magistrate Judge